The Vice-Chancellor.
case made by the bill is this. Coe applied to the complainants agent, to purchase forty copper rollers for his print works. They would not sell them without a reference, and he referred to Garner & Co. The agent applied to the latter for information, stating what Coe wanted, and was informed, that they had large dealings with Coe, that they thought well of him, and would trust him. Upon this, the agent sold the rollers to Coe on a term of credit, and delivered them to his order. In fact, Coe at the time was largely indebted to Garner & Co., and was insolvent, which fact was well known to the latter. Within two months afterwards, Coe failed, and Gamer & Co. took possession of all his effects; and they have *413 the rollers which the complainants sold to him, or the proceeds arising from their subsequent sale.
Some other acts of fraud are charged upon Coe, and the sale is alleged to have been obtained by the fraudulent acts of both Coe, and Gamer & Co.
The bill claims that no title passed to Coe, and that the complainants are entitled to the rollers or their proceeds.
It is not charged that Gamer & Co. made the representations as to Coe’s solvency, with a view to obtain the property for themselves, or with the expectation that he would stop payment, and the property would fall into their hands before the credit would elapse which was given on their purchase.
The bill therefore does not make a case of conspiracy to defraud the complainants by means amounting to false pretences.
Nor does it allege any statement or pretence as having been made by Coe, which would subject him to an indictment for obtaining goods by false tokens or pretences. Of course, Garner & Co. could not be accessories before the fact, in the commission of a felony which is not imputed.
There was a fraudulent concealment on the part of Coe, and a false representation on the part of the other defendants, in regard to his circumstances and condition, by means of which the rollers were obtained. But the bill does not assert that there was any concert of action between them.
I cannot perceive that any felony is charged upon either of the defendants. As to the alleged frauds, they are bound to make the discovery, in answer to the stating part of the bill. (See Laws of 1833, chap. 14, page 17.) On these demurrers, I am not called upon to look into the propriety of the interrogatories founded upon the previous statements.
In my opinion the demurrers ought to be overruled, and the usual order entered. This is on the case made by the bill as I understand it. Whether any such case actually exists, is a very different matter.
Order accordingly.